JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TEXAS TRUCK PARTS & TIRES, INC.

**DEFENDANTS**
UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff: Harris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Probus, Wauson & Probus
One Sugar Creek Ctr. Blvd., #880
Sugar Land, TX 77478

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. sec. 4071

Brief description of cause:
Tax Refund

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: June 23, 2021

SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew B. Probus

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEXAS TRUCK PARTS & TIRES, INC.,** § § § | | |
| Plaintiff, § § | | |
| VS. § § | CIVIL ACTION NO. _____ | |
| **UNITED STATES OF AMERICA,** § § § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR REFUND**

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, TEXAS TRUCK PARTS & TIRES, INC. ("Texas Truck" or the "Plaintiff"), and makes this its Plaintiff's Original Complaint for Refund and would show this Court as follows:

**I.**

**Parties**

1. Plaintiff, Texas Truck Parts & Tires, Inc., is a Texas corporation with its principal place of business located in Houston, Harris County, Texas.

2. Defendant, the United States of America, may be served pursuant to Fed. R. Civ. P. 4(i)(1) by: (a) delivering a copy of the summons and complaint to the civil process clerk of the United States Attorney for the Southern District of Texas pursuant to the local COVID emergency procedures by registered or certified mail at "Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, Texas 77002" and by email at USATXS.CivilNotice@doj.gov; and (b) delivering a copy of the summons and complaint to the

1

Attorney General of the United States at Washington, D.C., at "Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001."

## II.

### Jurisdiction and Venue

3. The Court has subject matter jurisdiction over the matter UNDER 28 U.S.C. § 1331, because the action arises under laws of the United States. The Court also has original jurisdiction under 28 U.S.C. § 1346(a)(1), because the United States has erroneously assessed penalties against and wrongfully collected penalties from plaintiff.

4. Venue is proper in this district under 28 U.S.C. § 1402(a)(2), because the Plaintiff's principal place of business is located in this district.

## IV.

### Background Facts

5. The United States of America, through its agency the Internal Revenue Service (hereinafter referred to as the "IRS") determined Texas Truck failed to file Forms 720 and pay federal excise tax as required by 26 U.S.C. § 4071 as the importer of taxable tires. The IRS determined Texas Truck was the importer of certain taxable tires from 2012 through 2017. The IRS determined Texas Truck should have filed Forms 720 Quarterly Federal Excise Tax Returns, and made assessments in the following amounts.

| Period Ending | Assessment |
|---|---|
| 3/31/2012 | 6,649.00 |
| 6/30/2012 | 26,952.00 |
| 9/30/2012 | 65,122.00 |
| 12/31/2012 | 56,524.00 |
| 3/31/2013 | 35,260.00 |
| 6/30/2013 | 35,428.00 |
| 9/30/2013 | 66,869.00 |
| 12/31/2013 | 96,706.00 |
| 3/31/2014 | 32,330.00 |
| 6/30/2014 | 48,993.00 |
| 9/30/2014 | 65,216.00 |
| 12/31/2014 | 80,285.00 |
| 6/30/2015 | 57,710.00 |
| 9/30/2015 | 79,236.00 |
| 12/31/2015 | 76,112.00 |
| 3/31/2016 | 166,173.00 |
| 6/30/2016 | 167,397.00 |
| 12/31/2016 | 261,818.00 |
| 6/30/2017 | 141,203.00 |
| 9/30/2017 | 291,008.00 |
| 12/31/2017 | 75,652.00 |
| Total: | 1,932,643.00 |

6. Texas Truck paid $100 towards the liability for each of the twenty-one periods on or about June 30, 2020.

7. Texas Truck filed a Form 843 Claim for Refund and Request for Abatement seeking a refund of $100 per period. The claim was mailed on November 20, 2020 and received by the IRS on November 23, 2020.

8. To date, the IRS has not issued a notice of disallowance. More than six months have elapsed since the filing of the refund claim.

9. Texas Truck was not the importer of the tires at issue.

10. The IRS based its case on records from the United States Customs Service Form 7501. Texas Truck was not the importer of record on any of the Forms 7501.

11. The United States Customs Service refused to provide Texas Truck with information related to the shipments because it was not the importer of records for the tires at issue.

12. The Customs Forms 7501 list the manufacturers of the tires as the importers.

13. The consignee listed on the Customs Forms 7501 for 2012 through the 3rd Quarter of 2015 was not Texas Truck.

14. A separate entity purchased many of the tires at issue.

15. For tires purchased by Texas Truck, the company paid one all-inclusive price, which included shipping, duties and taxes, for the tires to be delivered to its place of business.

16. Texas Truck did not arrange for any functions typically associated with an importer, such as arranging for the tires to clear customs. These actions were arranged by the manufacturers.

17. Texas Truck did not bring the tires at issue into the United States. Texas Truck did not withdraw the tires from a customs bonded warehouse for sale or use in the United States. Texas Truck did not hire a customs broker. Texas Truck did not arrange for a nominal importer.

18. The manufacturer of the tires collected the federal excise tax in some instances. In many instances, Texas Truck ordered tires from companies with a United States presence, and mailed checks for the tires to United States addresses. Specifically, the tires from Omni United listed on the Customs forms were paid for by mailing a check to a US address. One manufacturer claimed it was the importer and that "All our other customers pay us the FET and we pay to the U.S. government."

## V.

## Causes of Action

19. The Plaintiff has performed all conditions precedent, if any.

20. The IRS wrongfully assessed excise taxes against Texas Truck pursuant to 26 U.S.C. § 4071 for the transactions involving the purchase of tires. Texas Truck is entitled to a refund of the $100 per period paid to the United States, because it was not the importer of the tires at issue.

21. The Plaintiff was forced to hire counsel to defend the wrongfully assessed excise taxes in administrative proceedings within the IRS and now in prosecuting its refund claim. The Plaintiff has exhausted all administrative remedies available to it with the IRS. The Plaintiff is entitled to an award of its reasonable administrative costs incurred in connection with the administrative proceeding within the IRS pursuant to 26 U.S.C. § 7430(a)(1) and its reasonable litigation costs incurred in connection with this Court proceeding pursuant to 26 U.S.C. § 7430(a)(2)

## VI.

## **Jury Demand**

22. Plaintiff asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Fed. R. Civ. P. 38, a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Texas Truck Parts & Tires, Inc. prats that after trial by jury on all issues, this Court enter judgment in favor of the Plaintiff over and against the United States of America for:

a. a refund of the amounts paid by Plaintiff for excise taxes for the periods listed above;

b. a determine that Plaintiff was not the importer of the tires at issue;

c. an award of damages, if any;

d. reasonable litigation costs as defined by 26 U.S.C. § 7430(c)(1);

e. costs of court; and

f. any other relief to which the Plaintiff is entitled.

Respectfully submitted,

**WAUSON | PROBUS**

By: ___/s/ Matthew B. Probus___
    **Matthew B. Probus**
    Texas Bar No. # 16341200
    Fed. I.D. # 10915
    mbprobus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

**W. LANCE STODGHILL, P.C.**

By: /s/ W. Lance Stodghill
     **W. Lance Stodghill**
     Texas Bar No. 24003012
     Fed. I.D. No. 22007
     lance@sataxlaw.com

2002 Hoskins Drive
Houston, TX 77080
(713) 972-1040 (Telephone)
(713) 266-2215 (Facsimile)

*ATTORNEY FOR PLAINTIFF,*
*TEXAS TRUCK PARTS & TIRES, INC.*

7